# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| TOI JON TU JACOBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV406-107 |
| ) | |
| NETWORK LOGISTIC SOLUTIONS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant has filed a motion to dismiss the instant Title VII complaint based on plaintiff's failure to respond to discovery requests and to comply with the Court's order compelling plaintiff to submit her initial disclosures. Doc. 17. Plaintiff has not responded to the motion, and it is therefore deemed unopposed. See Local Rule 7.5 ("Failure to respond shall indicate that there is no opposition to a motion."). For the reasons that follow, defendant's motion should be GRANTED and this case should be DISMISSED.

Plaintiff is a pro se litigant. Following plaintiff's failure to serve her initial disclosures, defendant filed a motion to compel (doc. 13) on

September 22, 2006, which the Court granted on October 25, 2006, ordering that plaintiff submit her Rule 26(a)(1) disclosures within five days of the date of the Order. Doc. 14. Plaintiff still has not served her initial disclosures. Doc. 17. On September 18, 2006, defendant served plaintiff with a request for production of documents and first interrogatories. Id. Plaintiff had thirty days in which to respond to these discovery requests, pursuant to Federal Rules of Civil Procedure 33(b)(3) and 34(b). Plaintiff has not responded to these discovery requests either, and defendant has filed a second motion to compel. Doc. 16.[1]

Plaintiff has clearly failed to respond to legitimate discovery requests and has failed to comply with an express order of this Court. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may order dismissal of an action upon a defendant's motion when a plaintiff has failed to comply with the rules or an order of the court. Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "fail[ed] to permit or provide discovery within the time set forth in an order compelling discovery" or has "willful[ly] disobe[yed]

---

[1]This motion is DENIED as moot.

. . . any order of the Court." L.R. 41.1(a), (b).

"Once a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It follows that "[i]f a pro se litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant." Id. Plaintiff has made no attempt to comply with this Court's order compelling her to serve her initial disclosures. Nor has plaintiff responded to defendant's legitimate discovery requests. Further, after defendant filed its motion to dismiss, plaintiff offered no response explaining her failure to comply with an order of this Court or submit to discovery. Plaintiff's abuse of the discovery process and willful disregard of an order of this Court warrant a dismissal of plaintiff's action under Rule 41(b). No lesser sanction short of dismissal appears appropriate given plaintiff's repeated failure to provide basic discovery or show any interest in prosecuting this action. Mingo v. Sugar Cane Growers, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533 (11th Cir. 1985).

**SO REPORTED AND RECOMMENDED** this ___7th___ day of December, 2006.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA